CMR LAW A.P.C.
Charles M. Ray, Esq. SBN 282440
5000 Birch Street
West Tower, 3rd Floor
Newport Beach, CA 92660
Telephone: 949-260-2054
Facsimile: 949-258-5240
cj@cmraylaw.com

GIBSON AND HUGHES
Robert B. Gibson, Esq. SBN 162347
1851 East First St., Ste 650
Santa Ana, CA 92705
Telephone: 714-547-8377
Facsimile: 714-547-8378
rgibson@gibsonhugheslaw.com

Attorneys for Plaintiff:
ERIN TURNER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| ERIN TURNER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THYSSENKRUPP MATERIALS NA, INC., a business entity, form unknown; THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC., a business entity, form unknown; and DOES 1 through 100, <br><br> Defendants. | Case No. 8:18-cv-00822 CJC-KES(x) <br><br> [Assigned for all purposes to Honorable Cormac J. Carney – Crtm 9B <br><br> **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR MONETARY DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1. CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY; <br><br> 2. RETALIATION <br><br> 3. FAILURE TO PAY COMMISISON WAGES VIOALTIONS OF CALIFORNIA LABOR CODE § 200 *ET SEQ.;* <br><br> 4. FAILURE TO PAY WAGES AT TIME OF TERMINATION |

1

VIOLATIONS OF CALIFORNIA
LABOR CODE § 201 *ET SEQ.;*

2

5.   UNFAIR BUSINESS
     PRACTICES VIOLATION OF
3    CA BUSINESS & PROFESSIONS
     CODE § 17200;
4

5

6.   BREACH OF CONTRACT;
6

7    7.   BREACH OF THE COVENANT
          OF GOOD FAITH AND FAIR
8         DEALING.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   INTRODUCTION

Plaintiff, after discovery and raising issues of possible unlawful conduct including but not limited to improperly withheld commission payments per the terms and conditions of her employment, was constructively terminated. To date, damages continue to accrue for commissions wrongfully withheld or unilaterally removed from Plaintiff's commission structure.

# II.   PARTIES AND JURISDICTION

1.   Plaintiff ERIN TURNER (herein "Plaintiff") resides within the County of Orange and the State of California.

2.   Defendant THYSSENKRUPP MATERIALS NA, INC. (herein "Defendant MNA") is a business entity, form unknown, located at 22355 W. 11 Mile Road in Southfield, Michigan.

3.   Defendant THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC. (herein "Defendant SCS") is a business entity, form unknown, located at 22355 W. 11 Mile Road in Southfield, Michigan.

4.   Defendant and Does 1 through 100, at all relevant times were the agents and employees of one another, ratifying the acts of one another, and in doing the things hereinafter alleged were acting within the course and scope of the agency.

5.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6.   Plaintiff is informed and believes, and thereupon alleges that at all times herein mentioned, Defendant and all other persons involved with Plaintiff regarding her employment at Defendant were the agents and employees of Defendant and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and

1    ratification of Defendant and each of the other Defendants.

2    7.    Plaintiff is informed and believes, and thereupon alleges that at all times

3    herein mentioned, the Defendants were the agents, employees and/or

4    servants, masters or employers of the remaining defendants and in doing the

5    things herein after alleged, were acting within the course and scope of such

6    agency or employment, and with the approval and ratification of each of the

7    other defendants.

8    8.    Plaintiff is informed and believe and thereon alleges that each of the

9    fictitiously named Defendant is responsible in some manner for the

10   occurrences hereinafter alleged, and that Plaintiff 's injuries as herein alleged

11   were proximately caused by the aforementioned Defendants.

12   9.    The unlawful conduct alleged herein was committed within the County of

13   Orange.

14   **III.    FACTS COMMON TO ALL CAUSES OF ACTION**

15   10.   Plaintiff began her employment in the position of Outside Sales

16   Representative with Defendants MNA and SCS (herein "Defendants") in or

17   around September 4, 2014.

18   11.   Per the terms of her employment, Plaintiff was to be paid a base salary plus

19   a commission based upon the, "Outside Sales Commission Program." Per

20   the term of that program, Plaintiff was to receive a commission in

21   accordance with the following specifics:

22   "The commission rate on new jobs or accounts resulting from the

23   direct efforts of the sales representative will be 0.4% (.004 x

24   Revenue), for the first three (3) years beginning with the first

25   billing of sales revenue on the job or account; after three (3) years

26   the commission rate will be reduced to 0.2% (.002 x Revenue)."

27   12.   The commission terms also included the following provision:

28   "An additional commission reward will be paid when there is an

increase in the total sales revenue over the previous year, which will be calculated as: (Total Sales Revenue at End of Current Fiscal Year - Total Sales Revenue at End of Previous Fiscal Year) x .002."

13. The terms also called for an annual bonus based on "Customer Satisfaction." All terms and conditions of the Commission agreement are attached hereto as **EXHIBIT A**.

14. Under these terms, Plaintiff flourished and exceeded requirements and expectations of sales goals almost instantly.

15. Upon doing so, Plaintiff began to notice that she was receiving heightened levels of scorn and scrutiny from Defendants' President and "GM," Mr. Brian Diephuis. This was in response to the fact that Plaintiff, given her sales performance and the commission structure, was a high wage earner. Plaintiff reasonably believes that Defendants' Employee, Mr. Diephuis started to become jealous of her wage payouts based on comments to Plaintiff. Specifically, it came to Plaintiff's understanding that Mr. Diephuis was upset that she was making more money than him and he was the President of the company.

16. In response, and over time, Plaintiff saw systematic unilateral reductions in her commission structure despite the terms and conditions of her employment.

17. Plaintiff was given no prior notice of these changes before their implementation, nor did she ever agree to any changes to her commission structure. Further, no additional terms were ever added to Plaintiff's job description in a manner or way so as to be deemed as additional tasks outside of those defined upon her hire.

18. In this, each time that Defendants deviated or failed to comply with the terms and conditions of Plaintiff's commission agreement in issuing her payouts, they breached a written agreement between the parties.

19. At no time was Plaintiff ever given a new written agreement to accept, nor did she ever accept any new commission structure or like document that would in any way change or modify the terms agreed to upon her hire.

20. It is reasonably believed that Defendants impermissibly and unilaterally, made changes and reduced payouts to Plaintiff at decision of Mr. Diephuis who was acting in his capacity as President of Defendants.

21. Mr. Diephuis, in his capacity as President of Defendants, had been designated the authority by Defendants to change commission structures (regardless of their legality) and payouts as he saw fit, and on behalf of Defendants.

22. Given Mr. Diephuis' role, capacity and authority, the actions taken by him are attributable and were in fact ratified by Defendants.

23. In an additional act that was taken against Plaintiff by Defendants in order to impermissibly and unlawfully deprive her of monies and commissions rightfully earned, it became a typical practice for Defendants to classify "new" accounts procured by Plaintiff under a category of "old" under the short-sided and bad faith practice of stating that these customers had preexisting relationships with Defendants.

24. In doing so, Defendants would cite some tenuous previous contact or relationship of Plaintiff's "new" customer that was in no way defined or made clear or applicable per the commission agreement, to diminish the commission percentage.

25. The practice of Defendants was a clear breach on the additional fact that Plaintiff's contract called for a different payout to her *only* in the situation where the customer was considered a, "house account." However, as defined by the contract, any "new jobs" sold by Plaintiff would be subject to the standard commission structure.

26. Plaintiff reasonably believes that in situations where a customer was

considered or classified as a "house account," Defendants still failed to pay commission at the proper rate for the, "new jobs" she secured with them.

27. Further and as noted in **EXHIBIT A**, the commission agreement made no such distinction or categorization supporting the commission pay-out practices of Defendants during her employment with them.

28. After discovering this fact, Plaintiff made multiple complaints with various persons of Defendants, to which no reasonable response, answer or correction was provided. These internal complaints which also contained the possibility of Plaintiff seeking assistance of State authorities and/or protections were received by Defendants and in turn resulted in higher levels of hate, scorn and ridicule.

29. In response to her complaints and in an effort to build a paper trail, on or around May 7, 2015, Plaintiff was informed that Defendants had unilaterally changed the commission structure again with further diminished payouts and structure. In relevant part, the new commission structure capped total annual commissions, contained lower percentages based on vague gross margin definitions, contained lower commissions on accounts remaining active over longer periods of time (some of which were multiple years) and further expanded what Defendants could claim as costs to be taken against the total revenue generated by an account.

30. In reviewing this new structure and cross referencing her received compensation from Defendants, Plaintiff again suspected that long term commission payouts (accounts in operation over extended periods of time, some ranging in years) were not being made to her. Again, Plaintiff made complaints to Defendants regarding this fact to which the only response was hate, scorn and ridicule.

31. Yet again, Plaintiff was given no prior notice of Defendants' change, nor did she ever agree to any changes from her *original* commission structure.

Further, under the terms of this new unenforceable payout structure, Plaintiff was still under the same job duties and requirements as agreed to in her original commission contract and terms of initial hire. Thus, the unilateral changes to Plaintiff's commission structure only changed in what Defendants were going to pay her, while making no changes to her already agreed to responsibilities as an employee as Outside Sales Representative.

32.   Despite multiple efforts to rectify the issues regarding compensation and in response to the continued hate, scorn and ridicule that she faced for raising issues regarding compensation, Plaintiff was constructively discharged from her position on or about October 17, 2017.

33.   Upon termination, Plaintiff did not receive accurate final wages, nor wages from the past, that were wrongfully withheld in an amount according to proof at trial.

34.   It is finally alleged that at all relevant times, Plaintiff was employed by Defendant SCS which is a subsidiary of Defendant MNA. Further, Plaintiff worked for ThyssenKrupp Industrial Services, Inc. during relevant times of her employment. ThyssenKrupp Industrial Services, Inc. changed its legal name to ThyssenKrupp Supply Chain Services NA, Inc. effective February 1, 2018 and relevant to this matter, any reference to Defendant SCS is to be reasonably construed as referring to ThyssenKrupp Industrial Services, Inc. when applicable, as it is named Defendant SCS herein.

### IV.    FIRST CAUSE OF ACTION

Constructive Discharge in Violation of Public Policy

(Against all Defendants)

35.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.   Defendants were all subject to the laws of the State of California, including

---

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

1    Labor Code.

2    37.   From the time of her hire in or about September of 2014, until Plaintiff's

3          constructive discharge in and around October 17, 2017, Defendants

4          subjected Plaintiff to hate, scorn and ridicule in violation of public policies

5          include, without limitation, statutes and regulations prohibiting retaliation

6          due to engaging in a protective activity, including, but not limited to: the

7          whistleblower laws and regulations of the United States and State of

8          California, the Fair Employment and Housing Act and its regulations, the

9          California Constitution, Article I, Section 8, laws and regulations prohibiting

10         employment retaliation, among other laws and regulations.

11   38.   Defendant's actions in terminating Plaintiff were, and are, in violation of

12         public policy in favor of reporting violations of law. It is the law and public

13         policy of the State of California, that no employer may terminate or

14         otherwise retaliation against an employee for asserting his or her legal rights,

15         including Plaintiff's protesting Defendants' illegal wage and hour practices

16         and Defendants' policies which have deprived Plaintiff of wages. (*Gould v.*

17         *Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1147; *Grant-*

18         *Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361 (wrongful

19         termination due to communication about wage issues); *Hentzel v. Singer*

20         (1982) 138 Cal.App.3d 290, 296 ("California has long maintained a policy

21         of protecting the right of employees to voice their dissatisfaction with

22         working conditions." (*Phillips v. Gemini Moving Specialists* (1998) 63

23         Cal.App.4th 563 (Labor Code §§200, 201, 202, 216, 221, 222, 223, 224,

24         1175, 1199 form the basis of a violation of public policy based on wage

25         complaints).

26   39.   Defendants, and each of them, were motivated to terminate Plaintiff's

27         employment or otherwise retaliate on grounds that violate California public

28         policies and laws as set forth in the Labor Code, statute and the common

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES
Page 9 of 25

1    law, and as referenced above.

2    40.   The Defendants' actions, if allowed to stand, would frustrate public policy in

3          favor of ensuring fair and adequate compensation and enforcement of

4          commission agreements.

5    41.   As a result of the aforesaid actions, Plaintiff has suffered, and is continuing

6          to suffer, a loss of wages/salary, benefits and other employee compensation

7          in an amount which is currently unascertained.

8    42.   Plaintiff will request leave of the court to amend this Complaint to state the

9          amount of all such damages when they have been ascertained, or upon proof

10         at the time of trial.

11   43.   Defendants, by and through their managing agents and employees, further

12         acted intentionally and unreasonably because they knew, and/or should have

13         known, that their conduct and intimidation was likely to result in severe

14         mental distress. Plaintiff therefore seeks damages for such emotional distress

15         in an amount to be proven at the time of trial.

16   44.   Defendants' actions were extreme and outrageous conduct. Defendants

17         have acted, as alleged, with the malicious intention of depriving the Plaintiff

18         of employment opportunities and benefits that must be accorded to all

19         employees. This conduct by Defendants was, and is, despicable, cruel and

20         oppressive. Plaintiff is therefore entitled to an award of punitive damages in

21         an amount to be proven at trial.

22   45.   Because of the wrongful acts of Defendants as herein above alleged,

23         Plaintiff has been and/ or will in the future be required to employ physicians

24         and mental health care professionals to examine, treat and care for her, and

25         will incur additional medical expenses in an amount to be proven at the time

26         of trial.

27   46.   The wrongful conduct of Defendants set forth herein above was perpetrated

28         upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of

---

Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur, and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

47.  The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.  Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

48.  Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

///

# V.    SECOND CAUSE OF ACTION

Retaliation in Violation of Labor Code § 1102.5

(Against all Defendants)

49.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.    At all times herein mentioned, California Labor Code § 1102.5 was in full force and effect and was binding on the Defendants, and each of them.

51.    Defendants, and each of them, made, adopted, and/or enforced rules, regulations, and/or policies designed to prevent employees from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discovery, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, which Plaintiff had reasonable cause to believe disclosed violations of state or federal statutes, or state or federal rules and regulations, as identified herein.

52.    Defendants, and each of them, retaliated against Plaintiff for taking issue with her commission payouts and raising concerns with the calculation and/or disbursement amounts. Plaintiff disclosed her concerns to another employee who had the authority to investigate, discovery, or correct the violation(s) or noncompliance, to which the Plaintiff had reasonable cause to believe disclosed violations of state or federal statutes, or violations or noncompliance with state or federal rules or regulations, as identified herein occurred.

53.    As a result, Plaintiff was subject to adverse employment actions including but not limited hate, scorn and ridicule.

54.    A motivating factor for the Defendants to engage in the foregoing adverse

employment actions against Plaintiff was to retaliate for the Plaintiff's internal complaint regarding possible improper, inaccurate or illegal wage practices to which the Plaintiff had reasonable cause to believe were violations of state or federal statutes, or violations or noncompliance with state or federal rules or regulations, as identified herein.

55. The wrongful conduct of Defendants set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur, and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

56. The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant's actions.  Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

57. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above

and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

## V.    THIRD CAUSE OF ACTION

Failure to pay Commission Wages Violations of

California Labor Code § 200 et seq.

(Against all Defendants)

58.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.    At all times relevant to this complaint and during Plaintiff's tenure of employment with Defendants, a small portion of Plaintiff's total compensation as an employee of Defendants included commissions earned on sales performance.

60.    When Plaintiff began her employment with Defendants, Plaintiff and Defendants agreed that, in addition to a set monthly salary, Plaintiff would earn a commission on sales.

61.    Plaintiff performed all of the duties and obligations required of her by Defendants during her employment, including those duties and obligations that would entitle Plaintiff to receiving commissions.

62.    Defendants, and each of them, have knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions she properly earned during her employment with Defendants.

63.    Pursuant to California Labor Code § 200 et seq., Plaintiff is entitled to recover her unpaid commissions, with interest, attorney's fees, costs,

1    penalties, all in an amount to be proven at trial.

2    64.   The wrongful conduct of Defendants set forth herein above was perpetrated

3    upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of

4    Plaintiff's rights and safety and with a callous indifference to the injurious

5    consequences which were substantially certain to occur and was shameful,

6    despicable and deplorable.  Plaintiff is further informed and believes that

7    each business or corporate employer, through its officers, directors and

8    managing agents, had advance knowledge of the wrongful conduct set forth

9    above and allowed said wrongful conduct to occur and continue to occur,

10   thereby ratifying said wrongful conduct, with a conscious disregard of the

11   rights and safety of Plaintiff, and after becoming aware of their wrongful

12   conduct, each corporate Defendant by and through its officers, directors and

13   managing agents, and each individual Defendant, authorized and ratified the

14   wrongful conduct herein alleged.

15   65.   The conduct of Defendants and Does 1 through 100 and/or their agents,

16   employees, and supervisors as described herein was malicious, oppressive,

17   and done with willful and conscious disregard for Plaintiff's rights and for

18   the deleterious consequences of Defendants' actions.  Defendants

19   authorized, condoned and ratified the unlawful conduct of each and every

20   one of them.  Consequently, Plaintiff is entitled to an award of punitive

21   damages in an amount to be determined at trial.

22   66.   Plaintiff is further informed and believes that each business or employer,

23   through its officers, directors and managing agents, and each individual

24   Defendant had advance knowledge of the wrongful conduct set forth above

25   and allowed said wrongful conduct to occur and continue to occur, thereby

26   ratifying said wrongful conduct, with a conscious disregard of the rights and

27   safety of Plaintiff and for the deleterious consequences of Defendants'

28   actions, and after becoming aware of their wrongful conduct, each

Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

## VI.    FOURTH CAUSE OF ACTION

Failure to Pay Wages at Time of Termination Violations of

California Labor Code § 201 *et seq.*

(Against all Defendants)

67.  Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 66, inclusive, as though fully set forth herein.

68.  As alleged above, Defendants constructively terminated Plaintiff's employment on or near October 17, 2017.

69.  At the time of Plaintiff's termination, Defendants knowingly and willfully failed to pay Plaintiff all of the wages and commission she had earned, as alleged herein and above.

70.  Pursuant to California Labor Code §§ 201 – 203, Plaintiff is entitled by law to receive all of her earned and unpaid wages, including earned and unpaid commissions, at the time of Plaintiff's termination.

71.  Defendants and each of them knowingly, intentionally and willfully failed to pay to Plaintiff all of Plaintiff's earned and unpaid wages, including commissions, at the time of Plaintiff's termination.

72.  Pursuant to California Labor Code § 203, Plaintiff is entitled to waiting time penalties in the amount according to proof at trial.

73.  The wrongful conduct of Defendants set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and

managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

74.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.  Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

75.   Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

## VII.   **FIFTH CAUSE OF ACTION**

Unfair Business Practices Violation of

California Business and Professions Code § 17200

(Against all Defendants)

76.   Plaintiff restates and incorporates by reference each and every allegation

contained in paragraphs 1 through 75, inclusive, as though fully set forth herein.

77. Pursuant to California Business & Professions Code § 17200 *et seq.* and related statutory provisions, Defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

78. Defendants, and each of them, have engaged in the unfair business practices of consistently and knowingly committing the violations against Plaintiff as alleged in this Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

79. Defendants, and each of them, by engaging in the unlawful, unfair, deceptive and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

80. Defendants, and each of them, should be ordered to restore to Plaintiff all of her unpaid commissions, overtime wages, waiting time penalties, wage statement violation penalties, rest and meal period violation penalties, costs, expenses and attorney's fees, in amounts to be proven at trial.

81. Plaintiff further requests that a receiver be appointed to control and monitor all of the business affairs of Defendants, and each of them, in order to ensure compliance with applicable wage and hour laws of California and to ensure that full restitution is made to Plaintiff of her owed and unpaid compensation.

82. The wrongful conduct of Defendants set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful,

despicable and deplorable.  Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

83.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.  Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

84.   Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

///

///

///

## VIII.        <u>SIXTH CAUSE OF ACTION</u>

### Breach of Contract

### (Against all Defendants)

85.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 84, inclusive, as though fully set forth herein.

86.   On or near September 4, 2014, Plaintiff accepted employment with Defendants subject to the terms and conditions that were agreed upon by the parties.

87.   Plaintiff was to be paid a base salary plus a commission based upon the, "Outside Sales Commission Program." Per the term of that program, Plaintiff was to receive a commission in accordance with the following specifics:

"The commission rate on new jobs or accounts resulting from the direct efforts of the sales representative will be 0.4% (.004 x Revenue), for the first three (3) years beginning with the first billing of sales revenue on the job or account; after three (3) years the commission rate will be reduced to 0.2% (.002 x Revenue)."

88.   The commission terms also included the following provision:

"An additional commission reward will be paid when there is an increase in the total sales revenue over the previous year, which will be calculated as: (Total Sales Revenue at End of Current Fiscal Year - Total Sales Revenue at End of Previous Fiscal Year) x .002."

89.   The terms also called for an annual bonus based on "Customer Satisfaction." All terms and conditions of the Commission agreement at attached hereto as **EXHIBIT A**.

90.   Plaintiff performed all of the duties and obligations required of her by Defendants during her employment, including those duties and obligations

1    that would entitle Plaintiff to receiving her commissions.

2    91.   Defendants, and each of them, have knowingly and willfully failed and

3    refused to pay to Plaintiff the full and complete amount of the commissions

4    Plaintiff properly earned during her employment with Defendants.

5    92.   In violation of California law, Plaintiff was not paid certain commissions she

6    earned on sales.

7    93.   Defendants, and each of them, have breached the agreement Defendants and

8    Plaintiff entered into by not paying Plaintiff for all of the commissions

9    Plaintiff earned and was rightfully entitled to during her employment with

10   Defendants.

11   94.   The wrongful conduct of Defendants set forth herein above was perpetrated

12   upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of

13   Plaintiff's rights and safety and with a callous indifference to the injurious

14   consequences which were substantially certain to occur and was shameful,

15   despicable and deplorable.  Plaintiff is further informed and believes that

16   each business or corporate employer, through its officers, directors and

17   managing agents, had advance knowledge of the wrongful conduct set forth

18   above and allowed said wrongful conduct to occur and continue to occur,

19   thereby ratifying said wrongful conduct, with a conscious disregard of the

20   rights and safety of Plaintiff, and after becoming aware of their wrongful

21   conduct, each corporate Defendant by and through its officers, directors and

22   managing agents, and each individual Defendant, authorized and ratified the

23   wrongful conduct herein alleged.

24   95.   The conduct of Defendants and Does 1 through 100 and/or their agents,

25   employees, and supervisors as described herein was malicious, oppressive,

26   and done with willful and conscious disregard for Plaintiff's rights and for

27   the deleterious consequences of Defendants' actions.  Defendants

28   authorized, condoned and ratified the unlawful conduct of each and every

1    one of them.  Consequently, Plaintiff is entitled to an award of punitive

2    damages in an amount to be determined at trial.

3    96.   Plaintiff is further informed and believes that each business or employer,

4          through its officers, directors and managing agents, and each individual

5          Defendant had advance knowledge of the wrongful conduct set forth above

6          and allowed said wrongful conduct to occur and continue to occur, thereby

7          ratifying said wrongful conduct, with a conscious disregard of the rights and

8          safety of Plaintiff and for the deleterious consequences of Defendants'

9          actions, and after becoming aware of their wrongful conduct, each corporate

10         Defendant by and through its agents, and each individual Defendant,

11         authorized and ratified the wrongful conduct herein alleged.

12                **IX.**     **SEVENTH CAUSE OF ACTION**

13             Breach of the Covenant of Good Faith and Fair Dealing

14                      (Against all Defendants)

15   97.   Plaintiff restates and incorporates by reference each and every allegation

16         contained in paragraphs 1 through 96, inclusive, as though fully set forth

17         herein.

18   98.   The aforesaid employment contract contained an implied covenant of good

19         faith and fair dealing by which defendants promised to give full cooperation

20         to plaintiff and her performance under said employment contract and to

21         refrain from doing any act which would prevent or impede plaintiff from

22         performing all the conditions of the Contract to be performed by her, or any

23         act that would interfere with plaintiff's employment of the fruits of said

24         Contract.  Specifically, said covenant of good faith and fair dealing required

25         defendants to fairly, honestly and reasonably perform the terms and

26         conditions of the agreement.

27   99.   Defendants breached its covenant of good faith and fair dealing with

28         plaintiff by terminating her knowing full well that plaintiff was dependent on

her job to support herself and to survive, without conducting any reasonable investigation concerning its obligations under said Contract, without good or sufficient cause, for reasons extraneous to the Contract, and for the purpose of frustrating plaintiff's employment of the benefits of the Contract.

100.   As a result of Defendant's violations of said implied covenant of good faith and fair dealing, Plaintiff has been damaged in that she has lost income, her ability to perform her part of the employment agreement was impeded, destruction or impairment of plaintiff's valuable property interests, i.e., her prospect of continuing future employment with Defendants and receipt of continued compensation; and substantial losses in earnings, and other employment benefits.

101.   The wrongful conduct of Defendants set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

102.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.  Defendants

1  authorized, condoned and ratified the unlawful conduct of each and every
2  one of them.  Consequently, Plaintiff is entitled to an award of punitive
3  damages in an amount to be determined at trial.

4  103.  Plaintiff is further informed and believes that each business or employer,
5  through its officers, directors and managing agents, and each individual
6  Defendant had advance knowledge of the wrongful conduct set forth above
7  and allowed said wrongful conduct to occur and continue to occur, thereby
8  ratifying said wrongful conduct, with a conscious disregard of the rights and
9  safety of Plaintiff and for the deleterious consequences of Defendants'
10  actions, and after becoming aware of their wrongful conduct, each corporate
11  Defendant by and through its agents, and each individual Defendant,
12  authorized and ratified the wrongful conduct herein alleged.

13  **X.    PLAYER FOR RELIEF AND JURY TRIAL DEMAND**

14  **WHEREFORE**, Plaintiff pray for damages against the Defendant as follows:

15  1.  For compensatory economic damages according to proof including losses
16  incurred in seeking substitute employment and loss of earnings, and other
17  employment benefits;

18  2.  For compensatory non-economic damages for losses resulting from
19  humiliation, mental anguish, and emotional distress according to proof;

20  3.  For interest on the amount of losses incurred in earnings, deferred
21  compensation and other employee benefits at the prevailing legal rate;

22  4.  For punitive damages according to proof;

23  5.  For costs incurred by plaintiff, including reasonable attorneys' fees;

24  6.  For such other and further relief as the Court may deem proper.

25  7.  Plaintiff further requests a jury trial on all issues.

26  ///
27  ///
28  ///

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES
Page 24 of 25

1  Respectfully submitted,

2  DATED: August 30, 2018                    **CMR LAW A.P.C.**

3

4  By:

5                                            Charles M. Ray, Esq.

6                                            And,

7

8                                            **GIBSON AND HUGHES**

9                                              /s/ Robert B. Gibson,

10                                            Robert B. Gibson, Esq.

11                                            Attorneys for Plaintiff

12                                            ERIN TURNER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28